IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )        8:09CR457
                             )
     v.                      )
                             )
SARA JARRETT,                )        ORDER
                             )
              Defendants.    )
_____)
```

    This matter is before the Court on defendant Sara Jarrett's ("Jarrett") motion in limine pursuant to Federal Rule of Evidence 403 (Filing No. 505), to prohibit the Government from introducing evidence concerning, alluding to, or referencing in any way, the fact that Sara Jarrett may not have reported on her income tax returns all monies she received from certain persons, including defendant Deshawn Hernandez ("Hernandez"), relevant to the issues of the instant case.

    Jarrett is charged in the superseding indictment in Count I with conspiring to distribute marijuana from June 6, 2006, through December 14, 2009, and in Count II with a conspiracy to launder money from January 1, 2007, through December 19, 2009. Count II specifically alleges that Jarrett:

> open[ed] bank accounts, withdr[ew] funds from those accounts, and/or deposit[ed] funds into those [] accounts to launder money, knowing that the currency involved in the financial transaction represented the proceeds of some form of unlawful activity . . . and knowing

> that the transaction was designed
> in whole or in part to conceal and
> disguise the nature, the location,
> the source, the ownership and the
> control of the proceeds.

(Filing No. 360, p. 2).

"Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  *United States v. Mitchell*, 613 F.3d 862, 866 (8th Cir. 2010) (citing Fed. R. Evid. 401). "All relevant evidence is admissible."  Fed. R. Evid. 402. However:

> . . . relevant[] evidence may be
> excluded if its probative value is
> substantially outweighed by the
> danger of unfair prejudice,
> confusion of the issues, or
> misleading the jury, or by
> considerations of undue delay,
> waste of time, or needless
> presentation of cumulative
> evidence.

Fed. R. Evid. 403.

Jarrett believes the evidence will show that she received certain monies, particularly from co-defendant Hernandez, or things of value, which Jarrett failed to report on her income tax returns.  Jarrett asks this Court to exclude such evidence pursuant to Fed. R. Evid. 403, in fear that "the jury will convict her because they resent anybody who doesn't report money on their tax returns" (Filing No. 506, p. 2).

-2-

The Eighth Circuit has held that "[f]ailure to file tax returns is relevant to the existence of, and a defendant's participation in, a money laundering conspiracy." *Mitchell*, 613 F.3d at 866 (citation omitted).  Thus, Jarrett's tax information is relevant to her charge of conspiracy to launder money as described in Count II of her indictment.  The Eighth Circuit has further provided that the relevance of such tax information can "outweigh [its] potential prejudicial effects."  *Id.*  As Jarrett has not cited any relevant authority to support the exclusion of her tax returns, her motion will be denied.  Accordingly,

IT IS ORDERED that Jarrett's motion in limine (Filing No. 505) is denied.

DATED this 23rd day of February, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court