IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | MEMORANDUM AND ORDER |
| DESHAWN HERHANDEZ, | ) | |
| SARA JARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendant Shannon Williams' motion to continue trial (Filing No. 733); objection to continuance of trial date and motion for separate trial in regard to defendant Sara Jarrett (Filing No. 734); brief on behalf of Sara Jarrett (Filing No. 735); waiver of jury trial by Sara Jarrett (Filing No. 736); response by Deshawn Hernandez (Filing No. 738); the government's response to Williams' motion to continue (Filing No. 739); its response to defendant Jarrett's motion to continue and to sever (Filing No. 740); and its motion to restrict (Filing No. 741).

Defendant Williams' motion requests a continuance of the trial until after the Eighth Circuit Court of Appeals has ruled upon Williams' interlocutory appeal (Filing No. 725) of this Court's order denying Williams' oral double jeopardy motion (Filing No. 722). Pursuant to *United States v. Ivory*, 29 F.3d 1307 (1994), the Court determined *nunc pro tunc* that Williams'

oral double jeopardy motion was frivolous (Filing No. 731).  Upon reviewing the relevant law, as well as the responses of the other parties, the Court finds it retains jurisdiction over the case and may proceed with trial as scheduled on April 4, 2011.

In *United States v. Grabinski*, 674 F.2d 677, 679-80 (1982), the Eighth Circuit stated:

> [W]e request a district court judge who denies a motion to dismiss based on double jeopardy to make a written finding of whether the motion is frivolous or nonfrivolous.  *If the motion is found to be frivolous, the filing of a notice of appeal will not divest the district court of jurisdiction*. [The circuit court] will then review the appeal on an expedited schedule. [The circuit court] is already empowered to protect a defendant's rights by staying proceedings below pending disposal of an appeal.  The written finding of lack of merit and the expedited review combined with existing power to issue stays should protect defendants' right not to be twice placed in jeopardy for the same crime.

(emphasis added).

Upon careful review of *Grabinski*, it is apparent the Eighth Circuit has held once a district court has denied a motion to dismiss based upon the double jeopardy clause as frivolous, the district court retains jurisdiction of the case and may proceed to trial if the defendant has appealed the denial of the motion to dismiss.  *Id.* at 679.  In the meantime, the circuit

court will conduct an "expedited review" of the defendant's appeal.  *Id.*  The defendant's constitutional rights will not be violated due to the concurrent jurisdiction of the district court and the circuit court because, as the Eighth Circuit indicated, the circuit court is empowered to protect the defendant's double jeopardy rights by staying the proceedings below at anytime.  *Id.* at 679-80.

A similar circumstance occurred in Chief Judge Bataillon's case, *United States v. Becerra*.  In *Becerra*, Judge Bataillon denied as frivolous a motion to dismiss based upon double jeopardy grounds and determined the case could proceed to trial.  *United States v. Becerra*, No. 8:06CR32, 2006 WL 2927610, at *2 (D. Neb. Oct. 12, 2006).  After this ruling, the defendant filed a notice of appeal with the Eighth Circuit.  *United States v. Becerra*, No. 8:06CR32, Filing No. 90 (D. Neb. Oct. 19, 2006). While the Eighth Circuit contemplated the defendant's double jeopardy claim, Judge Bataillon proceeded with the trial, which the Eighth Circuit did not stay.  *See id.*, Filing Nos. 125, 126, 127, 128, and 129.  Similar to Judge Bataillon, other district courts have determined a defendant's motion to dismiss based upon the double jeopardy clause to be frivolous, thus allowing the district court to proceed with trial while the defendant appeals the denial of such motion to the circuit court.  *See*, *e.g.*, *United States v. Howe*, No. 4:07CR279, 2008 WL 73164 (E.D. Ark.

Jan. 3, 2008); *United States v. Riley*, Crim. No. 07-189, 2008 WL 54290 (D.N.H. Jan. 3, 2008).  Many circuit courts also have explicitly recognized that district courts may proceed with a trial during the pendency of an appeal, where the district court determined the defendant's double jeopardy claim was frivolous. *Levin v. Alms & Assocs., Inc.*, __ F.3d __, 2011 WL 456328, at *5 (4th Cir. Feb. 10, 2011) ("[I]n the double jeopardy context, this court has recognized a dual jurisdiction rule, which *allows a district court to proceed with trial* while a defendant pursues a double jeopardy appeal, where the district court has concluded that the appeal is frivolous." (emphasis added) (internal quotations omitted)); *see also United States v. Montgomery*, 262 F.3d 233, 240 (4th Cir. 2001); *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989); *United States v. Black*, 759 F.2d 71, 73 (D.C. Cir. 1985); *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir. 1983); *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982); *United States v. Bizzard*, 675 F.2d 1382, 1385 (11th Cir. 1982); *United States v. Lanci*, 669 F.2d 391, 394 (6th Cir. 1982); *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980); *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980).

Here, the Court has made a finding that Williams' motion to dismiss allegedly based upon the double jeopardy clause is frivolous.  The Court retains jurisdiction over the case and may proceed to trial on April 4, 2011.  A stay of the proceedings

is not necessary in order to protect Williams' constitutional rights.

    IT IS ORDERED:

    1) Defendant Williams' motion to continue trial (Filing No. 733) is denied.

    2) Defendant Jarrett's objection to continuance of trial is sustained.  Her request to sever is denied.

    3) Plaintiff's motion to restrict is granted; Filing No. 740 may be filed as restricted in accordance with the E-Government Act.

    DATED this 25th day of March, 2011.

                          BY THE COURT:

                          /s/ Lyle E. Strom
                          _____
                          LYLE E. STROM, Senior Judge
                          United States District Court