IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SARA JARRETT, | ) | MEMORANDUM & ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Sara Jarrett's Motion for Judgment of Acquittal (Filing No. 855). Jarrett asks the Court to set aside the guilty verdict returned against her on Count II of the Superseding Indictment (Filing No. 360), which charged Jarrett with participating in a conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i).  Jarrett makes the motion "on the grounds that the evidence in this case is insufficient to sustain a conviction of such offense."

A challenge to the sufficiency of evidence requires the Court to review the evidence in the light most favorable to the jury's verdict.  *United States v. Williams*, 87 F.3d 249, 254 (8th Cir. 1996).  If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the conviction must remain in place.  *See United States v. Johnson*, 619 F.3d 910, 920 (8th Cir. 2010).

The elements of money laundering under § 1956(a)(1) are: (1) the defendant conducted a financial transaction involving the proceeds from unlawful activity; (2) the defendant knew the property involved in the transaction was proceeds of some form of specified unlawful activity; and (3)(a) the defendant intended to promote the carrying on of specified unlawful activity (*see* 18 U.S.C. § 1956(a)(1)(A)(i), "promotion prong"), or (b) the defendant knew the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity (*see* 18 U.S.C. § 1956(a)(1)(B)(i), "concealment prong").  *See also Williams*, 87 F.3d at 254-55.

The crux of Jarrett's argument is that she engaged in no transactions which sought to "legitimize" the proceeds of unlawful activity, i.e., the drug conspiracy.  Assuming this is true, it would not be sufficient to set aside Jarrett's conviction on the money laundering count.  The money laundering statute's concealment prong criminalizes financial transactions that seek to legitimize proceeds of unlawful activity.  However, the statute's promotion prong, which the government also charged Jarrett with violating, criminalizes financial transactions that are intended to promote the carrying on of specific unlawful activity.

When viewed in the light most favorable to the jury verdict, the evidence is sufficient to sustain Jarrett's conviction for money laundering under the promotion prong. During the course of the drug conspiracy, Jarrett made numerous trips from Nebraska to Arizona, during which she transported hundreds of thousands of dollars, which were proceeds from the drug conspiracy. Flight records admitted into evidence indicate Jarrett took at least nineteen trips between Nebraska and Arizona. The tickets for all of these flights were paid with proceeds from the drug conspiracy, and many of the tickets were purchased directly by Jarrett with money she was given from the drug conspiracy. Jarrett also paid for lodging and rented cars in Arizona during her trips with proceeds from the drug conspiracy. All of these financial transactions were intended to promote the carrying on of the drug conspiracy, and thus constitute money laundering under the promotion prong. A reasonable trier of fact could have found beyond a reasonable doubt the government proved each essential element of the money laundering count charged against Jarrett. *See United States v. Mitchell*, 613 F.3d 862, 867 (8th Cir. 2010) (affirming defendant's conviction for money laundering where the evidence sufficiently established he violated § 1956's promotion prong, even though the evidence would not have sufficiently established he violated the concealment prong).

IT IS ORDERED:

Jarrett's Motion for Judgment of Acquittal (Filing No. 855) is denied.

DATED this 22nd day of June, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court