IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SARA JARRETT, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motions filed as "28 U.S.C. motion to vacate sentence and conviction" (Filing No. 1350 and Filing No. 1351). Filing No. 1350 contains five allegations of ineffective assistance of counsel, and Filing No. 1351 contains one allegation which is repetitive of the first allegation in Filing No. 1350. For that reason, the Court will deny Filing No. 1351 without prejudice as the ground alleged in that filing is part of Filing No. 1350.

The government has filed a response to the defendant's § 2255 motion (Filing No. 1368), with a supporting brief (Filing No. 1369), and an index of evidence (Filing No. 1370). Included in that response was the affidavit of Michael A. Nelsen, the defendant's attorney, with some attachments.

Sara Jarrett has filed a response to the answer and brief of the government (Filing No. 1376). In her § 2255 motion, she alleges the following five grounds for relief:

1) That her attorney provided ineffective assistance of counsel, incorrectly advising her as to the content and effect of the proposed plea agreement offered by the government;

2) That her counsel was ineffective in not filing an appeal on the denial of her Rule 29 motion based upon sufficiency of the evidence;

3) That her counsel was ineffective in not requesting a mistrial or severance of her trial when co-defendant Hernandez accused the movant "by complete surprise" of knowing about and allowing co-defendant Williams to beat, rape and threaten defendant Hernandez during the course of the conspiracy and not reporting these heinous acts to law enforcement and failing to object pursuant to Rules 404(B) and 403.

4) That counsel provided ineffective assistance in failing to move for dismissal of the indictment when the trial court found that government recordings were missing;

5) That her counsel was ineffective in not requiring the trial court to ask questions concerning jurors' racial bias, after being placed on notice that the government planned on putting evidence before the jury of the defendant's character and reputation of having sex with black males during the course of the conspiracy. The defendant is a white woman.

These will each be addressed in the order alleged. The Court has reviewed the transcript of the trial insofar as it is applicable to the allegations of Ms. Jarrett with respect to her § 2255 motion.

In response to this allegation, the government has provided the affidavit of Mr. Nelsen, Ms. Jarrett's court-appointed counsel (See Filing No. 1370-1). In that affidavit, he acknowledges that he and Ms. Jarrett did not talk in detail about such things as departures, safety valves or whether the Guidelines were advisory. He stated the reason for this was because, from the time he was appointed, defendant was adamant that she was innocent, and she wanted to prove her innocense at trial. She was furnished with a copy of the proposed plea agreement, and she never pursued further with Mr. Nelsen the subject of her entering into such an agreement.

Under the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Supreme Court later elaborated on that holding in the context of a rejected plea offer: "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance,

defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, 132 S. Ct. 1399, 1409, 182 L. Ed. 2d 379 (2012).

Even assuming the facts alleged by the defendant constitute deficient performance, Jarrett has not shown that there is a reasonable probability that she would have accepted the plea offer if it had been presented in the way she suggests. She does not deny that her counsel presented her with the opportunity to plead guilty and that she rejected it.

Rather, Jarrett's entire claim of ineffective assistance rests on the fact that her counsel brought the plea offer to her attention but, relying on her proclamations of innocence and aversion to pleading guilty, did not discuss all the details. She does not provide any evidence that she had anything but a blanket aversion to all plea offers throughout the course of her counsel's representation. The Court finds that she has failed to show that there is a reasonable probability that she would have accepted the plea offer, if she had knowledge of the possibility of a reduction for acceptance of responsibility.

Allegation No. 2 charges that her counsel was ineffective in not filing an appeal on the denial of a Rule 29 motion based upon sufficiency of the evidence. It is clear from

the evidence and the Eighth Circuit opinions in this case that there was overwhelming evidence of the existence of a conspiracy to distribute or possess with intent to distribute marijuana. Assuming such a request was made, it is apparent that it was without merit.

With respect to Allegation Nos. 3 and 5, the Court has completed a review of the record as it deals with the selection of the jury, the opening instructions of the Court to the jury, and the opening statements by counsel and Mr. Williams.  There is nothing in those proceedings that referenced in any respect the claim that the parties were placed on notice that the government planned on putting any evidence before the jury of the defendant's character and reputation of having sex with black males during the course of the conspiracy.  Nor did the government's evidence during its case in chief reference this matter.

With respect to Allegation No. 4, the matter of the "missing recordings" was carefully examined during the trial and resolved.  The United States Court of Appeals for the Eighth Circuit in its opinion relating to the appeal of co-defendant Shannon Williams has rejected this argument.

After review of the record, the briefs of the parties and the claims of defendant Sara Jarrett, the Court finds the

-5-

§ 2255 motion is without merit and should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court