IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SARA JARRETT, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant, Sara Jarrett's ("defendant" or "Jarrett") motion for extension filed September 30, 2016 (Filing No. 1539). After review of the defendant's motion, the Court finds that defendant's motion to extend is untimely making any and all past or future notices of appeal as to the Court's September 14, 2015, order (Filing No. 1494) untimely.

**BACKGROUND RELEVANT TO THE PRESENT MOTION**

On August 7, 2015, the defendant filed a motion for relief under Rule 60(b) (Filing No. 1483). On August 14, 2015, while that motion was still pending, defendant filed a motion to amend sentencing order (Filing No. 1484). On September 14, 2015, the Court entered an order denying both of defendant's motions (Filing No. 1494). On September 18, 2015, the Court received a request from the defendant for an extension of 30 days to respond to the government's brief (Filing No. 1492) in opposition to the

defendant's motions (Filing No. 1497).  The defendant's request for an extension to respond was sent on September 15, 2015, the day following the Court's order denying both of defendant's motions.  *See* Filing No. 1497 at 3.

On September 28, 2015, the Court denied defendant's request for an extension to file a reply reasoning "[t]he issues that were originally waived by the defendant in this case have been briefed and rebriefed by both the government and defendant, the Court has previously denied defendant's motion which she seeks to address further . . . ."  (Filing No. 1498 at 1 (referring to Filing No. 1497)).  The Court also noted defendant's two pending motions (Filing Nos. 1424 and 1431) concerning a reduction of sentence pursuant to the Guideline Amendment 782.  (*Id.*)

However, on October 9, 2015, defendant filed her reply brief anyway (Filing No. 1499).  A few days later on October 13, 2015, defendant filed a motion for status of the case (Filing No. 1500).  The Court, on October 14, 2015, informed the defendant of the denial of Filing No. 1481 by the Court's September 14, 2015, order (Filing No. 1494).  (Filing No. 1501 at 1).  The Court again noted the defendant's "two pending motions to reduce sentence (Filing No. 1424 and Filing No. 1431)."  (*Id.*)

On January 29, 2016, the defendant again filed a motion for status (Filing No. 1519). Defendant alleged in her January 29, 2016, motion that she was told one of her motions was "ruled on 9/2015 but [she had] never received the response." (*Id.*) In response to the defendant's second motion for status of the case, the Court issued an order on February 9, 2016 (Filing No. 1522). That order informed the defendant of the Court's continued understanding of defendant's two pending motions to reduce sentence (Filing Nos. 1424 and 1431). (*Id.*) The Court also told defendant that "[w]hen the Court receives a response from the United States Attorney and the Federal Public Defender, the Court will determine whether defendant is entitled to a reduction of sentence." (*Id.*)

On February 22, 2016, the Federal Public Defender David R. Stickman entered an appearance "as attorney for the [d]efendant . . . ." (Filing No. 1524). On that same day, Mr. Stickman filed a motion to withdraw from representation of defendant stating he was appointed to represent defendant

> under General Order No. 2014-09, due to a potential reduction of sentence pursuant to Amendment 782 to the United States Guidelines. However, upon further review, it is apparent that the [d]efendant was sentenced to the statutory minimum sentence. As such, the [d]efendant does not qualify for a sentence

>               reduction pursuant to Amendment
>               782.

(Filing No. 1525).  Mr. Stickman's motion also provided "[c]ounsel has advised the [d]efendant of counsel's opinion that Amendment 782 does not apply in this case." (*Id.*)  On March 9, 2016, the Court granted Mr. Stickman's motion to withdraw and denied defendant's motions to appoint counsel (Filing No. 1424) and reduce sentence (Filing No. 1431).  (Filing No. 1527-1).

On June 13, 2016, defendant filed a notice of appeal (Filing No. 1529).  Defendant's notice of appeal seems to be directed at the Court's September 28, 2015, order (Filing No. 1498).  *See* Filing No. 1529 (advising the Court that "she did not receive any notice that her 60B motion had been denied . . . .").  The Clerk of the United States District Court for the District of Nebraska issued a memorandum on June 13, 2016, advising the Court that "[t]he notice of appeal, filing 1529, appears to be untimely pursuant to Federal Rule of Appellate Procedure 4(b)."  (Filing No. 1531).  The Clerk advised the Court that the appeal would not be forwarded to the Eighth Circuit "until a ruling has been made on the issue of timeliness."  (*Id.*)

On July 20, 2016, the Court granted defendant an extension to file her notice of appeal (Filing No. 1532).  The Court stated that "[d]efendant claims she did not receive a copy

of the order (Filing No. 1494) denying her Rule 60(b) motion and the order (Filing No. 1527) which denied her motion for sentence reduction." (*Id.*)  The Court gave defendant until September 23, 2016, to file her notice of appeal. (*Id.*)  The Court also advised the defendant that she would be allowed to proceed *in forma pauperis*. (*Id.*)

On September 30, 2016, a week later than allowed by the Court's July 20, 2016 order, defendant moved for a 60-day extension "to submit [her] brief and appeal of the denial of [her] 60(b)." (Filing No. 1539 at 1). Defendant cites "issues on getting copies of some documents and getting time with the law clerk" to support her "need of some extra time to get the last of [her] brief written and submitted." (*Id.*)  Defendant's motion also claims the motion was "signed the 23rd day of September 2016. (Dropped in the prisons mail box 9/23/16 also)." (*Id.*)  However, defendant's motion was postmarked September 27, 2016, and filed September 30, 2016. (*Id.* at 3).

**LAW**

Federal Rule of Appellate Procedure 4(c)(1) puts forth what has come to be known as the prison mailbox rule. *See United States v. Chaney*, 641 F. App'x. 651, 652 (8th Cir. 2016) (per curiam). The Rule provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1).

**DISCUSSION**

Jarrett has failed to comply with Rule 4(c)(1).  Although she claims to have signed and deposited her motion with the prison's mailbox on September 23, 2016, making her motion to extend timely, the motion lacks "a declaration in compliance with 28 U.S.C. § 1746." Fed. R. App. P. 4(c)(1).  Defendant's motion also lacks a notarization.  *See* Filing No. 1539.  In addition, defendant's motion fails to "state that first-class postage ha[d] been prepaid."  Fed. R. App. P. 4(c)(1).

Therefore, the Court finds that defendant is not entitled to the benefit provided by the prison mailbox rule.  Defendant's motion for an extension of time is untimely pursuant to the Court's July 20, 2016, order.  Accordingly, defendant's motion for extension is denied.  Furthermore, because the Court

deems defendant's motion for extension untimely, the notice of appeal is likewise untimely.  Accordingly, any and all notices of appeal filed with respect to the Court's order dated September 14, 2016 (Filing 1494) are and shall henceforth be deemed untimely.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of October, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court